J. Colby Williams, Esq.
Donald J. Campbell, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, NV 89101
Tel: 702.382.5222
Fax: 702.382.0540

Brendan J. O'Rourke, Esq.*
Adam D. Siegartel, Esq.*
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
Tel: 212.969.3000
Fax: 212.969.2900
*admitted *pro hac vice*

Attorneys for Plaintiff-Counterdefendant
Heritage-Nevada VIII, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| HERITAGE-NEVADA VIII, LLC, | Case No. 2:08-cv-00130-PMP-RJJ |
| Plaintiff, | PLAINTIFF HERITAGE-NEVADA VIII, LLC's EMERGENCY MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DOCUMENT REQUESTS NOS. 18-24, 36, AND 38 AND PLAINTIFF'S FIRST INTERROGATORIES NOS. 14-17 |
| v. | |
| WORLD MARKET CENTER VENTURE, LLC, | |
| Defendant. | |

*Expedited Review Requested*

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 26-7 of the United States District Court for the District of Nevada, Plaintiff Heritage-Nevada VIII, LLC ("Heritage") hereby moves on an emergency basis to compel Defendant World Market Center Venture, LLC to provide responses to Heritage's First Document Requests Nos. 18-24, 36, and 38 and Heritage's First Interrogatories Nos. 14-17. Pursuant to the Federal Rules of Civil Procedure and Local Rule 26-7,

J. Colby Williams, Esq.
Donald J. Campbell, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, NV 89101
Tel: 702.382.5222
Fax: 702.382.0540

Brendan J. O'Rourke, Esq.*
Adam D. Siegartel, Esq.*
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
Tel: 212.969.3000
Fax: 212.969.2900
*admitted *pro hac vice*

Attorneys for Plaintiff-Counterdefendant
Heritage-Nevada VIII, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| HERITAGE-NEVADA VIII, LLC, <br><br> Plaintiff, <br><br> v. <br><br> WORLD MARKET CENTER VENTURE, LLC, <br><br> Defendant. | Case No. 2:08-cv-00130-PMP-RJJ <br><br> DECLARATION OF ADAM D. SIEGARTEL IN SUPPORT OF PLAINTIFF HERITAGE-NEVADA VIII, LLC's EMERGENCY MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DOCUMENT REQUESTS NOS. 18-24, 36, AND 38 AND PLAINTIFF'S FIRST INTERROGATORIES NOS. 14-17 <br><br> *Expedited Review Requested* |

Adam D. Siegartel, counsel for plaintiff Heritage-Nevada VIII, LLC ("Heritage") and an attorney admitted *pro hac vice* in this Court for this matter, in support of Heritage's emergency motion to compel, declares under penalty of perjury as follows:

1. Heritage hereby seeks emergency relief to compel defendant World Market Center Venture, LLC ("WMC") to produce documents and respond to interrogatories regarding critical issues in this trademark infringement action. Such issues may at the very least severely undercut WMC's allegations, and potentially preclude WMC's trademark infringement claims as a matter of law (Heritage, although technically the plaintiff, brought this action seeking a declaration of non-infringement). Specifically Heritage seeks documents and information regarding (1) prior adversarial proceedings in which WMC may have taken positions inconsistent with WMC's current allegations, and (2) settlement materials from these proceedings in which, *according to published third-party reports*, WMC relinquished all ownership rights in the trademarks that WMC now argues are infringed. Heritage also seeks documents regarding WMC's marketing strategy, clearly a relevant issue in this trademark infringement lawsuit.

2. Emergency relief is necessary in light of the December 15, 2008 discovery cutoff in this matter. Heritage will be deposing several WMC witnesses during the first two weeks in December, and the materials and information that are the subject of this emergency motion are integral to the issues that will be addressed during those depositions. Heritage needs the information and materials sufficiently in advance of the December depositions so that Heritage can adequately prepare for the depositions. Further, it would be extremely inefficient to proceed with depositions without the documents and information.

3. In accordance with Fed. R. Civ. P. 37 and Local Rule 26-7, counsel for Heritage and WMC have discussed and attempted in meet and confer conference calls to resolve the issues addressed in this motion. I certify that I personally took part in all such attempts and that counsel have been

unable to resolve these matters. I also certify that WMC lead counsel, Mark Tratos, communicated that the parties are at an impasse.

4. Counsel for Heritage told counsel for WMC on November 10 and 11, 2008 during the parties' meet and confer sessions that Heritage would file this emergency motion in order to resolve the matters discussed herein. WMC counsel indicated that WMC will *not* oppose the determination of this motion on an emergency basis. In accordance with Local Rule 26-7, the office addresses and phone numbers of moving and opposing counsel are set forth at the conclusion of this declaration.

### Litigation Background

5. In January 2008 Heritage filed a complaint for a declaration of non-infringement. Specifically, Heritage sought a declaration that Heritage's use of the WORLD JEWELRY CENTER trademark does *not* infringe WMC's trademark or other rights in WMC's asserted trademarks WORLD MARKET CENTER and WORLD MARKET CENTER LAS VEGAS. In March 2008 WMC answered and counterclaimed for trademark infringement and related violations.

### WMC's Prior Litigations In Which WMC Argued *No* Trademark Infringement

6. The instant litigation is not the first time that WMC's WORLD MARKET CENTER and WORLD MARKET CENTER LAS VEGAS trademarks have been the subject of federal trademark litigation, and this motion concerns WMC's outright refusal to produce materials from these prior proceedings.

7. The first relevant proceeding is a now-settled litigation – from this District – between WMC and Cost Plus Management Services, Inc. ("Cost Plus"). This settled litigation is highly relevant to the instant litigation for two reasons. First, Heritage believes that in the litigation with Cost Plus WMC presented arguments that are *inconsistent* with WMC's positions in the current litigation. Specifically, in the Cost Plus litigation – where WMC sought a declaration of *non-infringement* – WMC argued that WMC's use of the WORLD MARKET CENTER trademark is *not* likely to be

2

confused with Cost Plus' use of the WORLD MARKET trademark. *See* Siegartel Declaration, Exhibit 1, at ¶¶ 26-29; 32-33 (WMC February 14, 2007 First Amended Complaint for Declaratory Relief). Now in the instant litigation – where WMC is the party alleging *infringement* – WMC argues that WMC's WORLD MARKET CENTER LAS VEGAS trademark *is* likely to be confused with Heritage's use of the WORLD JEWELRY CENTER trademark.

8. Second, according to published reports following the WMC/Cost Plus settlement, WMC *relinquished all ownership rights* in the WORLD MARKET CENTER trademark, and WMC is now licensing the mark WORLD MARKET CENTER LAS VEGAS from Cost Plus. *See, e.g.,* Siegartel Declaration, Exhibit 2, at 1 (April 29, 2008 *Las Vegas Business Press* article). If such published reports are true and WMC no longer owns the trademark at issue in this litigation, this is a fundamental issue that potentially precludes WMC's infringement claim as a matter of law. And indeed, the April 17, 2008 WMC/Cost Plus Stipulation of Dismissal expressly noted that the parties had indeed executed a March 6, 2008 *license* agreement. *See* Siegartel Declaration, Exhibit 3, at 2.

9. The Cost Plus litigation is not the only proceeding in which WMC has presented arguments that are inconsistent with its current allegations. WMC argued in a second matter – again in this District – that WMC's trademarks are *not* confusingly similar to the WORLD TRADE CENTER trademark that is owned by the World Trade Centers Association, Inc. *See* Siegartel Declaration, Exhibit 4, at ¶¶ 27-30; 33-35 (WMC November 30, 2006 Complaint for Declaratory Relief). To this day WMC continues to allege no confusing similarity in several adversarial proceedings currently pending in the United States Patent and Trademark Office, in which World Trade Centers Association has opposed WMC's trademark applications for WORLD MARKET CENTER and WORLD MARKET CENTER LAS VEGAS. *See* Siegartel Declaration, Exhibits 5 and 6 (docket reports from two pending opposition proceedings and WMC's Answers in these proceedings in which WMC alleged that there is no likelihood of confusion between the parties' trademarks; the

Exhibit 5 materials concern WMC's WORLD MARKET CENTER trademark application and the Exhibit 6 materials concern the WORLD MARKET CENTER LAS VEGAS application).

### Heritage's Document Requests At Issue In This Motion And WMC's Responses

10. Heritage served the document requests at issue in this motion on September 25, 2008, and WMC served its responses and objections on October 30 (received by Heritage counsel the next day). (Heritage's document requests are attached as Exhibit 7 to this Declaration; WMC's document request responses and objections are attached as Exhibit 8.)

11. The particular requests and WMC responses that necessitated this motion are the following:

- Request No. 18: All documents filed, served, or produced in any other trademark-related dispute, lawsuit, or Trademark Trial and Appeal Board proceeding to which WMC is or has been a party and which relate in any way to the WMC Marks, including but not limited to disputes and lawsuits involving Cost Plus Management Services, Inc., Dreamscape, Inc., or World Trade Centers Association, Inc.

    - Response to Request No. 18: Objection. This request is overbroad and burdensome as it is not limited to time or in scope and demands the production of massive amounts of irrelevant documents. This request is harassing, unreasonably vexing, and has not been reasonably calculated to lead to the discovery of admissible evidence. This request additionally demands documents that are proprietary, confidential, and sensitive to WMCV.

- Request No. 19: The license agreement between Cost Plus Management Services, Inc. and WMC that is referenced in the Stipulation of Dismissal attached as Exhibit 1 to these Document Requests, as well as (a) all drafts of this license agreement, (b) all subsequent amendments and addendums to this license agreement, (c) all correspondence and other documents concerning this license agreement and the negotiation of this license agreement; and (d) all press coverage regarding this license agreement and/or the settlement of the litigation that was dismissed pursuant to the Exhibit 1 Stipulation of Dismissal. [Note: This Stipulation is attached to this Siegartel Declaration as Exhibit 3.]

    - Response to Request No. 19: Objection. This request is overbroad and burdensome as it is not limited to time or in scope. This request is irrelevant, harassing, unreasonably vexing, and has not been reasonably calculated to lead to the discovery of admissible evidence. This request additionally demands documents that are proprietary, confidential, and sensitive to WMCV. Finally, this request demands documents protected by the attorney-client privilege and/or the work product doctrine. This request further violates the confidentiality provision that may be required by the agreement.

- Request No. 20: All settlement agreements from the litigation that was dismissed pursuant to the Exhibit 1 Stipulation of Dismissal, as well as (a) all drafts of this settlement agreement, (b) all subsequent amendments and addendums to this settlement agreement, and (c) all correspondence and other documents concerning this settlement agreement and the negotiation of this settlement agreement.

    - Response to Request No. 20: Objection. This request is overbroad and burdensome as it is not limited to time or in scope. This request is irrelevant, harassing, unreasonably vexing, and has not been reasonably calculated to lead to the discovery of admissible evidence. This request additionally demands documents that are proprietary, confidential, and sensitive to WMCV. Finally, this request demands documents protected by the attorney-client privilege and/or the work product doctrine. This request further violates the confidentiality provision that may be required by the agreement.

- Request No. 21: All settlement agreements, including those resulting from federal and state litigations and alternative dispute resolution, between WMC and any third-party that has adopted, used, marketed, sold, planned to use, applied to register, or registered any trademark that contains the words "World" and "Market" and/or "World" and "Center," as well as (a) all drafts of these settlement agreements, (b) all subsequent amendments and addendums to these settlement agreements, and (c) all correspondence and other documents concerning these settlement agreements and the negotiation of these settlement agreements.

    - Response to Request No. 21: Objection. This request is overbroad and burdensome as it is not limited to time or in scope. This request is irrelevant, harassing, unreasonably vexing, and has not been reasonably calculated to lead to the discovery of admissible evidence. This request additionally demands documents that are proprietary, confidential, and sensitive to WMCV. Finally, this request demands documents protected by the attorney-client privilege and/or the work product doctrine. This request further violates the confidentiality provision that may be required by the agreements.

- Request No. 22: All documents reflecting and/or concerning any and all actual or proposed contracts, settlement agreements, licenses, assignments, agreements, or relationships between WMC and all third-parties that have adopted, used, marketed, sold, planned to use, applied to register, or registered any trademark that contains the words "World" and "Market" and/or "World" and "Center."

    - Response to Request No. 22: Objection. This request is overbroad and burdensome as it is not limited to time or in scope. This request is irrelevant, harassing, unreasonably vexing, and has not been reasonably calculated to lead to the discovery of admissible evidence. This request additionally demands documents that are proprietary, confidential, and sensitive to WMCV. Finally, this request demands documents protected by the attorney-client privilege and/or the work product doctrine. This request further violates the confidentiality provision that may be required by the agreements.

- Request No. 23: All documents concerning WMC obtaining, granting, or negotiating but not consummating any agreement (including but not limited to releases, authorizations, assignments, licenses, co-existence agreements, covenants not to sue, permissions, or other consents), whether written or oral, final or draft, regarding (a) the WMC Mark; (b) the WMC Marked Goods and Services; (c) any trademark that contains the words "World" and "Market" and/or "World" and "Center"; and/or (d) the acquisition, use, promotion, licensing, and/or assignment of the WMC Mark in connection with the WMC Marked Goods and Services.

    - Response to Request No. 23: Objection. This request is overbroad and burdensome as it is not limited to time or in scope. This request is irrelevant, harassing, unreasonably vexing, and has not been reasonably calculated to lead to the discovery of admissible evidence. This request additionally demands documents that are proprietary, confidential, and sensitive to WMCV. Finally, this request demands documents protected by the attorney-client privilege and/or the work product doctrine. This request further violates the confidentiality provision that may be required by the agreements.

- Request No. 24: To the extent not covered by other Requests, all agreements and other documents evidencing all agreements entered into by WMC, or negotiated by WMC but not consummated (including but not limited to oral and written assignments, licenses, co-existence arrangements, permissions to use, and consents) regarding (a) the WMC Marks; (b) the WMC Marked Goods and Services; (c) the acquisition, actual or future use, promotion, licensing, and/or assignment of the WMC Marks in connection with the WMC Marked Goods and Services; (d) any agreement by WMC to indemnify or hold harmless any other person or entity in connection with any activities concerning the WMC Marked Goods or Services or the WMC Marks in connection with the WMC Marked Goods and Services; and/or (e) any insurance policy held by, on behalf of, or for the benefit of WMC, or any other person or entity, in connection with the WMC Marked Goods and Services or the WMC Marks in connection with the WMC Marked Goods and Services.

    - Response to Request No. 24: Objection. This request is overbroad and burdensome as it is not limited to time or in scope. This request is irrelevant, harassing, unreasonably vexing, and has not been reasonably calculated to lead to the discovery of admissible evidence. This request additionally demands documents that are proprietary, confidential, and sensitive to WMCV. Finally, this request demands documents protected by the attorney-client privilege and/or the work product doctrine. This request further violates the confidentiality provision that may be required by the agreements.

- Request No. 36: All documents concerning all current and proposed future uses that WMC will make of the "World Market Center" and "WorldMarketCenter" phrases standing alone without "Las Vegas" or any other additional text.

    - Response to Request No. 36: Objection. This request is overbroad and burdensome as it is not limited to time or in scope. This request additionally demands documents that are proprietary, confidential, and sensitive to WMCV. WMCV additionally objects that its future uses are irrelevant. This request is harassing, unreasonably

vexing, and has not been reasonably calculated to lead to the discovery of admissible evidence.

- Request No. 38: All documents concerning or comprising communications between WMC and any third party, including advertising agencies, licensees, sellers, distributors, vendors, manufacturers, and product designers, concerning the marketing strategy employed or intended to be employed in marketing the WMC Marks and/or the WMC Marked Goods and Services.

  - Response to Request No. 38: Objection. This request is overbroad and burdensome as it is not limited to time or in scope. This request is harassing, unreasonably vexing, and has not been reasonably calculated to lead to the discovery of admissible evidence. This request additionally demands documents that are proprietary, confidential, and sensitive to WMCV.

12. Heritage immediately scheduled a meet and confer following receipt of WMC's discovery responses that are the subject of this motion. Before that meet and confer took place, Heritage sent WMC a detailed letter outlining Heritage's position. *See* November 6, 2008 letter attached as Exhibit 9 to this Declaration. The parties' meet and confer took place on November 10 and 11, and counsel for WMC communicated that after consultation with his client, WMC made the final decision to stand on its objections and not produce the requested documents and information. The parties are at an impasse. Following the November 11 impasse, Heritage immediately began preparing this emergency motion.

## Heritage's Motion To Compel The Requested Documents Should Be Granted

13. Based upon the indisputable relevance of the WMC/Cost Plus litigation and settlement, there is no merit to WMC's outright refusal to produce any materials or information regarding the Cost Plus litigation and settlement, including on relevance grounds.

14. There is also no basis for WMC's outright refusal to produce similar materials from WMC's other trademark infringement litigations that are encompassed by the document requests, including those litigations where WMC again alleged that the WORLD MARKET CENTER trademark is not likely to be confused with a relevant third-party trademark – for example, the WORLD TRADE

CENTER trademark. WMC's prior allegations contradict WMC's position in the instant litigation, and such prior allegations are indisputably relevant.

15. Also related to the Cost Plus settlement, WMC has refused to produce documents concerning WMC's current and future uses of the "World Market Center" phrase standing alone, without "Las Vegas" or any additional text. (Heritage Document Request #36.) However, based upon the article cited above that reported upon the WMC/Cost Plus settlement (Exhibit 2), WMC's future uses of "World Market Center" standing alone will be extremely limited if not entirely non-existent, another fact that is clearly relevant in light of Heritage's use of the WORLD JEWELRY CENTER trademark.

16. Regarding Heritage Document Request #38, there is no legitimate justification for WMC's refusal to produce WMC's marketing strategy materials. Such marketing strategy documents are clearly relevant regarding how consumers potentially perceive WMC's asserted trademarks, and there is no reasonable basis for WMC to argue otherwise.

## Heritage's Interrogatories At Issue In This Motion

17. Heritage served the interrogatories at issue in this motion on September 25, 2008, and WMC served its responses and objections on October 30 (received by Heritage counsel the next day). (Heritage's interrogatories are attached as Exhibit 10 to this Declaration; WMC's interrogatory responses and objections are attached as Exhibit 11.)

18. The particular interrogatories and WMC responses that are the focus of this motion are the following (while the first two interrogatories – like the document requests – concern WMC's prior litigations, the final two interrogatories are unrelated but were the subject of a baseless "excessive number" objection):

- Interrogatory No. 14: Describe in detail the past, present, and future relationship between WMC and Cost Plus Management Services, Inc.

8

- Response to Interrogatory No. 14: WMCV objects to this interrogatory as compound, containing at least three separate and distinct interrogatories. WMCV additionally objects to this interrogatory as vague and ambiguous with respect to the term "relationship." WMCV finally objects to this interrogatory as irrelevant, harassing, unreasonably vexing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, WMCV responds that Heritage has exceeded the number of interrogatories permissible under Fed. R. Civ. P. 33(a).

- Interrogatory No. 15: Identify all contracts, licenses, assignments, releases, co-existence agreements, consents, and other agreements between WMC and any third-party that concern the WMC Mark and/or any other trademark that contains the words "World" and "Market" and/or "World" and "Center."

  - Response to Interrogatory No. 15: WMCV objects to this interrogatory as compound, containing at least three separate and distinct interrogatories. WMCV finally objects to this interrogatory as irrelevant, harassing, unreasonably vexing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, WMCV responds that Heritage has exceeded the number of interrogatories permissible under Fed. R. Civ. P. 33(a).

- Interrogatory No. 16: State with specificity your annual advertising, marketing, and promotional expenditures for WMC Marked Goods and Services.

  - Response to Interrogatory No. 16: This interrogatory demands documents that are proprietary, confidential, and sensitive to WMCV. This interrogatory violates the parties' Discovery Plan and Scheduling Order, which states that discovery related to damages will not commence until the liability portion of the case concludes. WMCV finally responds that Heritage has exceeded the number of interrogatories permissible under Fed. R. Civ. P. 33(a). Notwithstanding said objections, should the Court find that Heritage has not exceeded the number of its permissible interrogatories, following the conclusion of the liability portion of this case, WMCV will provide a response and documents responsive to this request for review and inspection at the offices of WMCV's counsel upon reasonable notice upon the entry of an appropriate protective order designating this information as "Confidential."

- Interrogatory No. 17: Identify each person who participated in responding to, was consulted in responding to, and/or whose documents were consulted in responding to, these Interrogatories and Heritage's First Request for Production of Documents.

  - Response to Interrogatory No. 17: WMCV responds that Heritage has exceeded the number of interrogatories permissible under Fed. R. Civ. P. 33(a).

## Heritage's Motion To Compel The Interrogatory Responses Should Be Granted

19. WMC's interrogatory responses are deliberately incomplete. There is no foundation for WMC's objection that Heritage exceeded the permissible number of interrogatories. Heritage

9

served 17 separate interrogatories that including subparts did not exceed the permissible limit of 25 interrogatories. Furthermore, including subparts Heritage served fewer interrogatories than WMC served on Heritage, and Heritage responded to all of WMC's interrogatories.

20. Furthermore, if WMC truly believed that Heritage had served excessive interrogatories, it stands to reason that WMC would have refused to answer all of the interrogatories. Instead, WMC selectively picked and chose those interrogatories that WMC did not want to answer, and *the very first interrogatory that WMC refused to answer on the basis of excessive interrogatories was Interrogatory #14, in which Heritage requested information regarding WMC's relationship with Cost Plus.* WMC also refused to answer Interrogatory #15 on the basis of excessive interrogatories, in which Heritage requested information regarding WMC agreements with third-parties regarding trademarks that include "World" and "Market," which of course would also implicate the Cost Plus settlement.

21. The same goes for Heritage's Interrogatories #16 and 17, in which Heritage requested WMC marketing expenditures and a list of the WMC personnel who participated in responding to Heritage's interrogatories. There is no basis for objecting on the basis of excessive interrogatories.

## Governing Legal Standard

22. As the Supreme Court has stated, a "party may compel the other to disgorge whatever facts he has in possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Fed. R. Civ. P. 37 provides that a discovery party may move to compel where the responding party, as here, refuses to produce relevant documents pursuant to Federal Rule of Civil Procedure 34. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). Federal Rule of Civil Procedure 33 provides that "[e]ach interrogatory shall be answered separately and fully in writing under oath." When a party fails to fulfill its obligation under Rule 33, "[a] party seeking discovering may move for an order compelling . . . [an answer to the interrogatory] in

10

accordance with the request." *See* Fed. R. Civ. P. 37(a)(3)(B). These governing standards compel the Request for Relief outlined immediately below.

### Request For Relief

23. For the foregoing reasons, Heritage respectfully requests that the Court grant Heritage's motion to compel and order that plaintiff immediately:

   A. Produce all materials and information that concern positions that WMC has taken in prior adversarial proceedings regarding whether there is or *is not* a likelihood of confusion between the WORLD MARKET CENTER and/or WORLD MARKET CENTER LAS VEGAS trademarks and a third-party trademark;

   B. Produce all materials and information relating to settlement agreements, license agreements, and other agreements that WMC has executed and/or negotiated that concern the WORLD MARKET CENTER and/or WORLD MARKET CENTER LAS VEGAS trademarks, including but not limited to the settlement and license agreements from the Cost Plus litigation and the World Trade Centers Association, Inc. litigation and opposition proceedings; and

   C. Produce all materials requested by Heritage's Document Requests Nos. 36 and 38.

   D. Answer Heritage Interrogatories Nos. 14-17.

24. Heritage also respectfully requests that the Court award Heritage its costs and attorneys' fees spent in preparing and arguing this motion, an equitable result considering the utter lack of merit of WMC's position.

Counsel Contact Information

25. In accordance with Local Rule 26-7, the office address and phone numbers of moving and opposing counsel are as follows:

Moving Counsel

J. Colby Williams, Esq.
Donald J. Campbell, Esq.
Campbell & Williams
700 South Seventh Street
Las Vegas, NV 89101
Tel: 702.382.5222
Fax: 702.382.0540

Brendan J. O'Rourke, Esq.*
Adam D. Siegartel, Esq.*
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
Tel: 212.969.3000
Fax: 212.969.2900
*Admitted pro hac vice

Opposing Counsel

Mark G. Tratos
Ronald D. Green, Jr.
Greenberg Traurig LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89109
Tel: 702.792.3773
Fax: 702.792.9002

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 13, 2008 in New York, New York.

_____
ADAM D. SIEGARTEL

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 13th day of November, 2008, service of the foregoing Emergency Motion to Compel Responses to Plaintiff's First document Request Nos. 18-24, 36 and 38 and Plaintiff's First Interrogatories Nos. 14-17 was made this date through the Court's CM/ECF electronic filing system to:

Mark G. Tratos, Esq.

Ronald D. Green, Esq.

3773 Howard Hughes Parkway, #500 N

Las Vegas, Nevada 89169

/s/
An employee of Campbell & Williams